## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-00108-RM-BNB

HARTFORD FIRE INSURANCE COMPANY,

      Plaintiff,

          v.

TU GALS, LLC a/k/a TUGALS, LLC d/b/a TULEH RUCHE a/k/a TUGALS, LLC d/b/a BELLA;
JUDY ORAM a/k/a JUDY ORAM-HILL; and
JAMES M. HILL;

      Defendants.

---

## ~~STIPULATED~~ PROTECTIVE ORDER

---

Upon stipulation and agreement by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall be entered, the Court hereby ORDERS as follows:

1.    <u>Scope of Protection.</u>

This Stipulated Protective Order apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

This Stipulated Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

2.      <u>Definitions.</u>

(a)      The term CONFIDENTIAL INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party.

(b)      As used herein, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      <u>Designation of Confidential Information</u>

(a)      Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:  CONFIDENTIAL.

(b)      A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION by requesting the reporter to so designate the transcript at the time of the deposition.

(c)      A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION when such papers are served or sent.

(d)      A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(e)      The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION that is not entitled to such designation or

which is generally available to the public.  The parties shall designate only that part of a document or deposition that is CONFIDENTIAL INFORMATION, rather than the entire document or deposition.  All designations of confidentiality shall be based on a good faith belief that the documents contain confidential or proprietary technical, scientific, financial, business, health, or medical information or which they are otherwise required to keep confidential by agreement or law.  ~~Further, with the exception noted below, documents shall only be designated CONFIDENTIAL after the documents are first reviewed by an attorney.  Tu Gals hereby designates its Counterpoint and Peachtree electronic data files as CONFIDENTIAL based on its consultation with counsel as to the content of those files (which include vendor pricing, margins and other sensitive information which, if made public, would be detrimental to Tu Gals' competitive position) even though counsel has not actually reviewed such data because (1) such data is extremely voluminous, (2) review by counsel is not feasible without first obtaining the necessary software and extensive training in the use thereof and (3) the data can be produced much more quickly if such a review is not required.~~

4.      Disclosure and Use of Confidential Information

Information that has been designated CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to Qualified Recipients.  All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

5.    <u>Qualified Recipients</u>

For purposes of this Order, "Qualified Recipient" means

(a)    Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(b)    Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(c)    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(d)    Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document.  Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that:  (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents.  Nothing herein shall

prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION to the officers, directors, and managerial level employees of the party producing such CONFIDENTIAL INFORMATION, or to any employee of such party who has access to such CONFIDENTIAL INFORMATION in the ordinary course of such employee's employment.

(e)     In-house counsel for a party to this action who is/are acting in a legal capacity and who is/are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

(f)     Any person not an employee of a party who is a non-retained expert or an expert expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work; and

(g)     Employees of the parties.

6.    Disclosure Agreements

A Qualified Recipient shall have access to CONFIDENTIAL INFORMATION only after having been made aware of the provisions of this Order and having manifested assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT AND DISCLOSURE AGREEMENT."  After expert disclosures, a full list of persons to whom the CONFIDENTIAL INFORMATION has been disclosed shall be provided.  At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving CONFIDENTIAL INFORMATION are enjoined from disclosing it to any other person, except in conformance with this Order.  This Order will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

7.      Submission to Jurisdiction of Court

Each individual who receives any CONFIDENTIAL INFORMATION hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

8.      Maintenance of Confidential Information

The recipient of any CONFIDENTIAL INFORMATION that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such documents as is exercised by the recipient with respect to its own proprietary information.

9.      Inadvertent Failure to Designate

(a)      In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 3, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b)      It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

10.      Challenge to Designation

A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. A party may object to the designation of particular CONFIDENTIAL INFORMATION as such by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve

the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(a)     the information in question has become available to the public through no violation of this Order; or

(b)     the information was known to any receiving party prior to its receipt from the producing party; or

(c)     the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

12.     <u>Inadvertently Produced Privileged Documents</u>

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur.  In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree

that if a party through inadvertence produces or provides discovery that it believes is subject to a

claim of attorney-client privilege or attorney work product, the producing party may give written

notice to the receiving party that the document or thing is subject to a claim of attorney-client

privilege or attorney work product and request that the document or thing be returned to the

producing party. The receiving party shall return to the producing party such document or thing.

Return of the document or thing shall not constitute an admission or concession, or permit any

inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-

client privilege or attorney work product, nor shall it foreclose any party from moving the Court

pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or

thing has been improperly designated or should be produced.

     13.    <u>Inadvertent Disclosure</u>

     In the event of an inadvertent disclosure of another party's CONFIDENTIAL

INFORMATION to a non-Qualified Recipient, the party making the inadvertent disclosure shall

promptly upon learning of the disclosure:  (i) notify the person to whom the disclosure was made

that it contains CONFIDENTIAL INFORMATION subject to this Order; (ii) make all

reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION by

the person to whom disclosure was inadvertently made including, but not limited to, obtaining all

copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of

the identity of the person to whom the disclosure was made, the circumstances surrounding the

disclosure, and the steps taken to ensure against the dissemination or use of the information.

     14.    <u>Filing of Confidential Information</u>

     **Any request to restrict access must comply with the requirements of**

**D.C.COLO.LCivR 7.2.** ~~If a party wishes to file with the Court any document which is, in~~

~~whole or in part, designated as CONFIDENTIAL, including any pleading, deposition transcript,~~

~~exhibit, discovery response or memorandum purporting to reproduce or paraphrase such~~

~~material, the party must first file a timely motion to seal in accordance with D.C.COLO.LCivR~~

~~7.2 and 7.3 and properly file the proposed sealed documents in accordance with~~

~~D.C.COLO.LCivR 7.2(D).  Upon the default of the filing party to file a motion to seal and/or~~

~~properly file the proposed sealed documents, any party may do so.~~

~~In the event that any CONFIDENTIAL INFORMATION is used in any court~~

~~proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL status~~

~~through such use, and the parties shall take all steps reasonably required to protect its~~

~~confidentiality during such use.~~

15. <u>Limitations</u>

Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from

showing documents designated as CONFIDENTIAL to an individual who either prepared or

reviewed the material prior to the filing of this action, or (b) from disclosing or using, in any

manner or for any purpose, documents contained in the party's own files prior to this action

which the party itself has designated as CONFIDENTIAL.

16. <u>Conclusion of Action</u>

Within sixty (60) days of the termination of litigation between the parties, all

CONFIDENTIAL INFORMATION, and all copies thereof, except such copies which have been

filed with the Court, utilized in accordance with this Order, or which are and will continue to be

maintained in a secure place pursuant to the continuing obligations of this Order, shall be

returned to the party which produced it. In lieu of returning the documents, all such documents

may be destroyed provided that a sworn certificate of destruction listing the documents and

certifying that they all have been destroyed is sent to the producing party within the sixty (60)

day period.

Except as specifically provided herein, the terms, conditions and limitations of this Order

shall survive the termination of this action at the option of the designating party.

17.    Relief from Order

This Order is without prejudice to the right of any party to seek relief from the Court,

upon good cause shown, from any of the provisions contained in paragraphs 1 through 16,

inclusive hereof.

Dated October 22, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

Approved as to form and content:

/s/ Connor L. Cantrell, Esq.
Connor L. Cantrell, Esq.
The Hustead Law Firm, A Professional Corporation
4643 South Ulster Street
Denver, CO  80237
Counsel for Plaintiff

/s/ James C. Swindler
James C. Swindler, Esq.
Prince, Yeates & Geldzahler
15 West South Temple Suite 1700
Salt Lake City, Utah 84101
Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-00108-RM-BNB

HARTFORD FIRE INSURANCE COMPANY,

      Plaintiff,

          v.

TU GALS, LLC A/K/A TUGALS, LLC D/B/A TULEH RUCHE A/K/A TUGALS, LLC D/B/A
BELLA;
JUDY ORAM A/K/A JUDY ORAM-HILL;
JAMES M. HILL;

      Defendants.

---

**ACKNOWLEDGEMENT AND DISCLOSURE AGREEMENT**

---

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE

ORDER (the "**Order**") which was entered by the Court on _____, 2014 in the

above-captioned case, and that he/she is one of the persons contemplated in the Order as authorized

to receive disclosure of information or documents designated CONFIDENTIAL by any of the parties

or by third parties, and that he/she fully understand and agrees to abide by the obligations, terms and

conditions of the Order. I understand that the Order entered by the Court, a copy of which has been

given to me and which I have read, prohibits me from using any CONFIDENTIAL

INFORMATION, including documents, for any purpose not appropriate or necessary to my

participation in this action or disclosing such documents or information to any person not entitled

to receive them under the terms of the Order. To the extent I have been given access to

CONFIDENTIAL INFORMATION, I will not in any way disclose, discuss, or exhibit such

information except to those persons whom I know (a) are authorized under the Order to have access to such information, and (b) have executed an Acknowledgment and Disclosure Agreement containing the provisions of this Acknowledgment and Disclosure Agreement. I will return, on request, all materials containing CONFIDENTIAL INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of any proceedings relating to performance under, compliance with or violation of the Order or for purposes of enforcement of this Acknowledgment and Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

By: _____
        Printed Name


        _____
        Signature